09-3137-ag
Weng v. Holder

BIA
Mulligan, IJ
A077 648 800

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        REENA RAGGI,
>        RICHARD C. WESLEY,
>             *Circuit Judges*.

_____

ZHEN LANG WENG,
>        *Petitioner*,

>        v.                              09-3137-ag
>                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        H. Raymond Fasano, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Virginia Lum, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Lang Weng, a native and citizen of China, seeks review of the June 22, 2009, order of the BIA, affirming the October 1, 2007, decision of Immigration Judge ("IJ") Thomas Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Lang Weng*, No. A077 648 800 (B.I.A. June 22, 2009), *aff'g* No. A077 648 800 (Immig. Ct. N.Y. City Oct. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum and Withholding

The agency reasonably found that, even assuming Weng's

2

credibility, he failed to establish his eligibility for asylum and withholding of removal. The BIA reasonably found that Weng was ineligible for relief based on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007). In addition, the BIA found that Weng did not engage in "other resistance" to China's family planning policy, but that even assuming he did, he had not established that he suffered persecution on account of *his* resistance because the fine he received was on account of his wife's initial violation of the family planning policy. *Shi Liang Lin*, 494 F.3d at 309-10.

Weng's brief before us largely challenges the IJ's adverse credibility determination and ignores the BIA's finding that even assuming both his credibility and that he resisted the policy, he failed to demonstrate that he was fined on account of *his* resistance to China's family planning policy. Accordingly, we find no reason to disturb the BIA's decision.

**III. CAT Relief**

Weng argues that the IJ erred in engaging in "no independent analysis" of his CAT claim. However, the record indicates that the IJ "separately analyzed" his CAT claim. Weng further argues that the IJ erred in finding that the

3

evidence he submitted was insufficient to demonstrate his eligibility for CAT relief. As the IJ and BIA noted, the only particularized evidence that Weng presented to support his application for CAT relief was his testimony that if he was returned to China, he feared he would be arrested for both failing to pay his outstanding fine and "hiding" from family planning officials for twenty years. Therefore, the agency did not err in finding that Weng's testimony was insufficient to demonstrate that it was more likely than not that he would be tortured if he was returned to China. *See* 8 C.F.R. § 1208.16(c); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4